Eric Johnson on behalf of Petitioner Martin S. Azarian Professional Association. May it please the Court. Your Honors, I'd like to start by just making sure we're on the same page in terms of the tax that is at issue. The appellant is an entity that for the years at issue was a one-man operation. It was a solo attorney practice and that attorney was Mr. Martin Azarian. The appellant paid Mr. Azarian wages and the appellant's remaining profits it paid to Mr. Azarian as dividends. The IRS came along, audited the appellant and determined that the wages that the appellant was paying to Mr. Azarian were too low and it should have paid more wages. The result of that determination is that the IRS reclassified a portion of the dividends that were paid to Mr. Azarian and the effect of that is that as the IRS sees it, the appellant owes employment taxes on those dividends that have been reclassified as wages. Is Mr. Azarian an employee of the firm? In the years at issue, he was. Is that in dispute here? No, that isn't. He received a W-2 and to the extent of the wages that were actually declared, he was an employee. So why isn't that the end of the case? Why isn't there not an actual controversy about whether Mr. Azarian is an employee? Well, there's not an actual controversy about that, Your Honor, and I think that Your Honor is getting to the main point of the case and this is what we've been arguing along the way is that 7436 also applies to what I would term a partial reclassification where you have a person who already is an employee and who is receiving non-employee amounts from the same payor and the IRS comes in and says those other amounts are wages. It's our position that that partial reclassification comes under 7436 tax court review. Your Honor, I think You're seeing the language of the statute. How can you get me there? I'm trying to figure out how we could buy your argument and still apply the plain language of the statute. You could convince me. I'm open on this. Your Honor, I really don't think the plain language of the statute directly addresses this kind of issue. I think from our perspective, Mr. Azarian in this situation was essentially wearing two hats. He was two separate persons with respect to the appellant. He was a shareholder and he was also an employee and he has these two separate hats and these two separate roles. When the IRS came along and said the dividends need to be reclassified as wages, it was addressing Mr. Azarian as a shareholder and in that capacity was reclassifying him as an employee. Well now wait, they're only partly saying he's not a shareholder. Right. Not completely and they're only saying he's partly an employee. Right, Your Honor, with respect to that one hat. And Your Honor, I don't think the plain language of the statute really goes into detail either way to clarify this issue. It just says, well if you've reclassified a worker, the tax court can review it. It doesn't directly address either way if there are payments that are part for a worker and part not for a worker. Does the part not for a worker come under the statute? And we pointed out in briefs, Your Honor, the government's interpretation of the statute would lead to the somewhat absurd result in this case that if Mr. Azarian had been completely noncompliant with the employment tax rules and if the appellant had paid him zero wages, he wouldn't be an employee and when the IRS comes along and reclassifies his dividends, he would come under the statute. But we only get to the absurdity, Ken, if the statute is ambiguous, I think. And here the statute is unambiguous and it requires an actual, I'm using language, an actual controversy involving a determination by the secretary as part of an examination, a determination that one or more individuals performing services for such persons are employees of such person. And so it requires an actual determination by the IRS that somebody is an employee and an actual controversy about that. And why, why isn't that missing here? Well, right, Your Honor. And of course, that's the United States argument. And, you know, we take the other side that that includes these two hats that we're addressing the one hat, the one role that comes under the statute. Well, of course, if they'd only paid dividends to him and completely blew off the self-employment taxes, then you'd be right. That's what you heard all the time in taxation. You own a, you, you, you pay another dollar in wages, you earn another dollar of wages, income, and you may owe five more dollars in taxes. There's absurdity throughout the Internal Revenue Code. And since the 1950s, the Supreme Court says that doesn't state much of a constitutional or statutory claim. Right. How do you respond to that sort of, you know where I'm coming from? Well, I know where you're coming from. And Your Honor, as a tax attorney, the Internal Revenue Code can lead to absurdities. But again, I think the absurdity here is that the less compliant taxpayer would get tax court review, the more compliant tax court taxpayer would not. Well, now, don't you eventually get there? Don't they want to give you a notice of determination? Like, as you know, happened in your Charlotte's office case. They could notice of deficiency process doesn't apply to this. Right. I don't like the way the code works. But the code's clearly that way, that a notice of deficiency is not given here. And they're going to give you a notice of determination. Right. They could, Your Honor. Although, Your Honor, if you look at the case law, there wasn't a notice of determination of worker classification in this case. The courts have already ruled in, for example, SECC Corp, that there doesn't have to be an explicit notice of determination. It's just the IRS decision itself that de facto creates the notice of determination that gets here. And just below, I don't think that the government really questioned that we're properly here, that we have a decision. Of course, that's the ultimate way. They had the same employees. They were classifying as employees for some purposes and independent contractors for other purposes. Right. And speaking of the way to get the IRS after you, goodness gracious. Right. Just one moment, Your Honor. All right. Sure. And I guess in response to, you know, if you were just looking at the statutory language, I think there is this issue about whether it properly applies to a partial reclassification. If we look to the case law, as we've pointed out, there are basically only two cases where this sort of matter has been considered. The Charlotte's Boutique case and the SECC Corp case. The Charlotte's Boutique case decided by the tax court, reviewed by the Ninth Circuit. The SECC Corp case decided by the tax court. And it's worth noting that in both of those cases, the courts have come out and said, yes, a partial reclassification is subject to review by the tax court. But wait now, it depends on what time you're measuring, because in the Charlotte's office case, they started out fighting completely about it. You understand? They said they weren't employees at all. And the court said you measure the Your Honor, and this is where the United States, I think, is trying to distinguish from these cases and say, okay, these don't apply. I think if you, and there are various procedural aspects going on in those cases, especially in Charlotte's Boutique, there is a, an issue, there was a notice of determination of worker classification, which sort of per se brought in jurisdiction. There was a moment of jurisdiction. But, Your Honor, if you look at the wording of the court, both at the tax court level and at the Ninth Circuit level, the court actually does engage directly with what I would call the substance of 7436 jurisdiction. The IRS made these precise arguments to the courts in those cases, and the IRS said, hey, whatever the details of how we got here procedurally, we're not properly under 7436, because these people are already employees. And therefore, as, as Your Honor was pointing out, under the statute, they, they shouldn't even be here. That, that argument was made in both of those cases. It was specifically addressed and rejected in, in both of those cases. The courts came out, and again, you could argue whether it's a dictum or whether it's an integral part of the holding, but the courts in both of those cases addressed that argument specifically and said the fact that the person at issue is already an employee is not a bar to review. Here's, here's your question for left field. Several times in the code, but not in this section, I understand, they talk about proposed determinations. They use the term determination or proposed determination. Isn't this really a proposed determination? Because it's a summary of what happened in an audit. Actually a few, one point on that, Your Honor, and I'm a tax attorney by trade, so I have a little global understanding, but, and I don't think this was entered into the record, but the amounts that are in that determination notice have been assessed by the Internal Revenue Service. I'm not sure that we have anything in the record on point. They have actually been entered as the proper tax that is owed by the appellant. And so that is the course they're pursuing here is to go straight to assessment. Right. They've, again, it's my understanding they've already gone to assessment. And what has been your legal response to the assessment? I believe at this point, Your Honor, the United States is refraining from enforcing the assessment until we get to the end of this litigation as more or less a voluntary matter. But for the record, it's my understanding that it is on record as the appellant's official tax at this point. And so they are not routinely issuing notice of determinations like they did in Charlotte's office? As far as I know, they're not issuing those in these types of cases. That's correct, Your Honor. You're into your rebuttal, too, just so you know. And I'll reserve my time for rebuttal. You may.  Thank you. Mr. Schuman? Good morning, and may it please the Court, my name is John Schuman, and I represent the Commissioner of Internal Revenue. The plain meaning of the statute does control this case. The tax court jurisdiction is triggered by the statute, Section 7436, and under the statute, to get tax court jurisdiction, you have to have an actual controversy involving a determination by the Commissioner of an individual performing services for the taxpayer as an employee. In other words, you have to have a determination of employment status. And the question then is, is this individual an employee or an independent contractor or some other non-employee status? Here, that was not the issue at all. Here the issue throughout the case, from the very beginning, it was about the reasonableness of the wages paid to an acknowledged employee. There was no actual controversy concerning employment status. Now, here, the tax court... Does the title of, does the subtitle have the whole statute in front of me? Does it say in the, use the word status somewhere in 1736, 7436? Well in the title of... The title, read the title to us, the 7436. Yeah, 7436. Sorry, I don't have it in front of me. It says Proceedings for Determination of Employment Status. Now, of course, the title is not determinative. Also, it's enacted by the, it's in a code enacted by Congress. It has great force here. Yes, Your Honor, it certainly does. It's in the terms of the codes acting all together. Now, go ahead. Correct. Is that good or bad for you that it says Employment Status in the title of this section? Oh, that's very good for us because there was no determination of employment status here. Mr. Azarian was an employee in 2012, 2013, 2014, all the years at issue and there was never any dispute about that. And he was paid wages. He was issued a W-2. Paid low wages in the services view. Right. They were unreasonable wages. They should have been determined to be higher. And so, there was a determination of the unreasonableness of the wages paid in this instance. But there was no determination of employment status. Everyone referred to him as an employee and still to this point. He's the only employee, right? Did I read that in the briefs?  I don't care. Your Honor, I'm not sure if he was a staff member. That's relatively relevant. But it was in the briefs. Okay. He's the only employee. Go ahead. Right. Well, isn't it implicit, too, in the determination that, you know, and I was hoping that opposing counsel would maybe take this from a textual standpoint. But that implicit in the determination is that he's more of an employee than he otherwise would be. And so, therefore, at least in part, there's a determination that he is an employee. I think that's the best textual argument you could make. And what's your response to that? Well, the statute doesn't talk about degrees of being an employee. You're just an employee or you're not. You're not like a super employee that is only an employee or you're a partial employee. You're just an employee. If you're an employee, the question is, you know, were reasonable wages paid to that employee and were, if so, were the proper amounts withheld for employment taxes, Social Security, Medicare, so on and so forth like that. So, the statute doesn't really get into partial employment. And it's just a matter of is the person an employee or not. So this is different because, you know, these are trust taxes and they're worried about other kinds of situations. This is not the typical case, as you well know. So you go directly from this to assessment? Did I understand that right? You can. In this instance, the agency indicated that Mr. Azarian, the taxpayer of the professional  So he could have taken it there to exhaust his administrative remedies. Okay, but after you exhaust your administrative remedies, you don't do notice of deficiencies on these, right? Correct. It's accepted from the statute. It's not a notice of deficiencies case. I know. I get that. And of course, in Charlotte's office, you tried something you made up, I think, called a notice of determination. It is in your regulations. I get that. And that didn't work. So you're doing it now by assessments. And how does the taxpayer protest the assessment? Well, in the normal way that a taxpayer would challenge any employment tax determination, he would pay the tax and then seek a refund administratively from the IRS. And if necessary, he could bring a refund suit in the district court or the court of federal claims. That's his judicial remedy. And he cannot go to the tax court, right? No. He cannot go to the tax court in a case like this. You're stuck with district court or court of federal claims. Yes. How does a taxpayer pick which one of those? I believe the taxpayer, well, first of all, he has to pay the tax and then seek the refund. And if he doesn't get it, then he can choose between. And what time period does he have to file? It depends on when the assessment is made. And there's a number. Have you made an assessment in this case? Your Honor, I don't dispute what opposing counsel has said here. You don't know? It's not in the record. And I would not. Would you tell us in a 28J letter what the status of the assessment is? I certainly can, Your Honor. Suppose an assessment's made. How long does he have to do something about it? That's provided for under a separate provision of the code. It can be different periods depending on the different situations. So I don't want to tell him what it might be before we make such an assessment. But, now, as I said, the taxpayer here does have a remedy to pay the tax and to bring a refund suit. Now, there's no indication that Congress intended a separate remedy in the tax court where the issue is the reasonableness of the wages paid to the employee, where Congress intends to act. In this circumstance? In this circumstance. There are lots of other reasonableness cases. Go ahead. Well, there has to be a determination of employee status to get to tax court in this kind of employee tax litigation. But when Congress intends to add a tax court remedy, it does so plainly and clearly as it did in Section 6213, which is the provision of the code that allows taxpayers to take a notice of deficiency and go to tax court if there is a controversy concerning income tax, estate tax, gift taxes, or certain excise taxes. There you have your so-called ticket to tax court. Here, historically, there's been no remedy in tax court for employment tax litigation for a number of reasons. But Congress only carved out this one special area for employment status cases to go to tax court. Here, it's not such a case, and so it doesn't fall within that exception. And in fact, if you were to take taxpayers' lead here and decide that this is an employment status case, it's really difficult to determine where you would then draw the line and say, well, some employment litigation can be in tax court and some cannot, because Congress has already drawn that line, in our opinion, by saying that there has to be a determination of employment status. Well, is this one unusual because it is just a solo person, and so the money shifts just from one role to another, whether it's employee or owner, so that you don't have that concern about, oh, where would this stop? Yes. This is a fact-bound case. It is dependent on the circumstances here, where you have a solo employee here. Because in the determination that it's not employee, it shifts to another form of income, correct? Right. So there is sort of a de facto determination. Right. And in this case, it was a little unusual also, because many of the dividends that were paid to Mr. Azarian here didn't really start out as dividends. What happened was these payments were made by the taxpayer, the professional association, to third parties to pay his mortgage, to pay his child's tuition, things like that. And so ordinarily, that's not how dividends are paid. They were not paid directly in these instances to the taxpayer. During the examination, after the IRS became involved, then taxpayer took the position that, no, these payments to third parties, these are actually dividends. So that sort of raised a red flag as well. You want to address my out of the blue question? There are several places, I understand not in this subchapter, where the Utah Internal Revenue Manual talks about proposed determinations as opposed to determinations. You think this is a proposed determination and not a determination? I think it looks more like a proposed determination on reasonableness rather than a final determination on anything, I think. And part of the reason for that is that taxpayer could have taken this to the Office of Appeals at the IRS and gotten the final determination from them. In fact, one of the cases that taxpayer cites is the SECC case, and there, the determination was made by the Office of Appeals in an appeals case memo that asks, were the workers at issue independent contractors? And they answered no. So they made a determination of employment status. And there, as you all noted, that was not made in a specific notice of determination, but it was made during the administrative process. And there was a controversy about it, and the IRS, the commissioner, did make that determination of employment status. And that's why the tax court there said that there is tax court jurisdiction. Here we have nothing like that. And of course, he didn't avail himself of the Office of Appeals in any event. And the other case that is cited by the taxpayer's Charlotte office boutique, the Ninth Circuit, and there, of course, the commissioner did issue a notice of determination concerning worker classification under Section 7436 for all of the years at issue. And in that case, that was taxpayer's ticket to the tax court. And so it was only much later, after trial in the tax court, where the parties then agreed that, well, no, this isn't an issue anymore, and we now agree on that. But the issue, as the Ninth Circuit looked at it, was once the jurisdiction of the tax court was invoked by this determination made by the commissioner, could then the parties, or even the commissioner, unilaterally revoke that jurisdiction. And get rid of the case that way. And the court said, no, once it's invoked, the jurisdiction is going to subside. Or there you called it a notice of determination. You made it sound like a notice of deficiency. Well, there was a specific form for that, as you know, the IRS comes up with a form for every possible situation. And that was the way they did that. They have changed their form somewhat since then. But there still is a form that can be sent out to let people know, just for clarity's sake, that this is the kind of determination that we think can now be taken to the tax court. Here's your deadline for filing a petition in the tax court, and so forth. We're not trying to cloud the waters here. We want to be as clear as possible, given the fact that we're interpreting an internal revenue code. And I have nothing further, unless there are other questions from the court. I'll yield back my time. Questions, panel? Thank you, counsel. Thank you very much. Mr. Johnson. Thank you, Your Honors. And unless Your Honors have questions, I'm going to launch into just a few issues. I'd point out, first of all, I think there was some mention of dividends being paid to third parties here. I don't think that was a matter that was ever brought up below. I'm not sure what's in the record on that point. I would point out that, as an S-corporation for income tax purposes, it doesn't really matter if you take the money out and pay for third parties, or if it comes directly out of the S-corporation account. The S-corporation owes no income taxes. But if you call it a dividend, you don't have to pay employment taxes. If you call it wages, you do. That's what matters. If it is, in fact, a dividend, then you don't pay employment. But I think some of that argumentation is irrelevant. I'd also point out, I'm not sure what's in the record. And again, this wasn't raised below. It's my recollection that, and I was the attorney during the administrative process, we did actually file with the IRS Office of Appeals for an administrative appeal and got no response. And when enough time had passed that we felt we had to file with the tax court in response to the examiner's report, we did, in fact, file with the tax court. So the argumentation that we did not pursue the appeal I don't think is supported by the record. Lastly, or a few other points, I think there was the discussion about, yes, the taxpayer in this circumstance could get review through the district courts through a refund claim and go that route. That's always available to the taxpayer in employment tax cases. Of course, the difference is you have to pay in full for all of these periods to get into the district court. For a lot of taxpayers, one may imagine for a small taxpayer like Mr. Azarian and for Azarian, Martin Azarian, PA, that's a difficult route to pursue. That's the importance of this issue. So you know why Congress did that, though? These are trust fund taxes, it's Congress's term for them. Right. Right. Social Security and unemployment, these taxes, if you call a dividend that you don't pay, they didn't want the employers taking the stuff, using it to run their businesses and keep their businesses going without paying the taxes in advance. Right. But they also opened up the statute we have at issue that allowed a way to get prepayment. And, Your Honor, I'd like to emphasize, I think that's a very important right here. That's why it matters so much that 7436 be interpreted to allow people in when appropriate. Congress recognized the hardship for companies to have to pay the employment tax in full to go the district court route for the refund, which procedurally is more cumbersome than the tax court route. Congress is opening up a door for people to get prepayment review, just like they get for income taxes. But isn't the real problem with that argument the fact that the notice of deficiency proceeding, which is a way you don't have to pay for a long time, they left this one out. They exempted out this whole subchapter in this procedure. I'm sorry, I'm not sure I follow you. Okay. Notice of deficiency is a way you don't have to pay. Correct, Your Honor. If you get the notice of deficiency, you go to tax court, takes a long time, you know, and all that. You don't have to pay, right? That applies to normal income taxes. That does not apply to trust fund taxes. It generally does not apply to employment taxes, correct? Correct. And I'd point out, Your Honor is using the terminology trust fund. Yes, correct. We technically don't have the trust fund issue, which would be on Mr. Azarian personally. This is an employment tax issue of the company, not of Mr. Azarian. Yes, Mr. Azarian might eventually be assessed for trust fund taxes. He would be able to pay only a portion and go for a refund claim in federal district  doesn't hold off on collection necessarily during those proceedings. I appreciate that Your Honor has a knowledge of tax procedures. The final point that I would make, or another point that I would make, is Your Honor was asking about a textual support. I think if Your Honor looks at the Charlotte's Boutique case and the SECC Corp case, they do find support in the statute that the tax court is to review the determination by the secretary as to employment taxes and under A2, and the proper amount of employment tax under such determination. How far that gets you, I don't know. Each of those courts said, well, that's enough textual support that the amount subject to employment tax is also under the statute. And again, I've got 15 seconds. As a last point, I would say in the language of Charlotte's Office Boutique and in SECC Corp, the courts very explicitly go to precisely this issue and rule precisely in the taxpayer's  Thank you, Your Honor. Thank you, counsel, for the argument. Case number 17-2134 is submitted for decision by the court.